CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Amanda Liendo**, | **Case No**. |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Kuei Feng Wu;** **Wan Hui Huang;** **Johnny's Shrimp Boat, Inc.,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Amanda Liendo complains of Defendants Kuei Feng Wu; Wan Hui Huang; Johnny's Shrimp Boat, Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. She is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.   Defendants Kuei Feng Wu and Wan Hui Huang owned the property located at or about 11236 Washington Blvd., Whittier, California, in October

1

Complaint

2014.

3.  Defendants Kuei Feng Wu and Wan Hui Huang own the property located at or about 11236 Washington Blvd., Whittier, California, currently.

4.  Defendant Johnny's Shrimp Boat, Inc. owned Johnny's Shrimp Boat restaurant ("Restaurant") located at or about 11236 Washington Blvd., Whittier, California, in October 2014.

5.  Defendant Johnny's Shrimp Boat, Inc. owns Johnny's Shrimp Boat restaurant ("Restaurant") located at or about 11236 Washington Blvd., Whittier, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The Plaintiff went to the Restaurant in October 2014 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Restrooms are one of the facilities, privileges and advantages specifically reserved by defendants to persons at the Restaurant.

13. Unfortunately, the women's restroom doorway clear passage width was 24 inches and inaccessible to wheelchair users in October 2014.

14. Additionally, the path of travel leading to the restroom entrance required a person to navigate a step for which there was no ramp in October 2014.

15. Moreover, the restroom provides a toilet. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there were no grab bars in October 2014.

16. The plumbing underneath the sink was not wrapped to protect against burning contact in October 2014.

Finally, there were wall mounted accessories and equipment in the restroom including a paper towel dispenser. Unfortunately, it was mounted so that its highest operable parts were greater than 54 inches above the finished floor and inaccessible to wheelchair users in October 2014.

17. Currently, the restroom remains inaccessible to wheelchair users.

18. The plaintiff personally encountered these problems. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty

3

and frustration.

19. Plaintiff would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

20. Plaintiff has wanted to patronize the Restaurant since her October 2014 visit but she is deterred from returning until the violations are fixed.

21. Plaintiff lives just six miles from the Restaurant.

22. Because of the location of the Restaurant, plaintiff would like to return.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

26. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and

4

Complaint

dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

Complaint

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id*. 2010 Standards § 303.4.

30. Here, the unramped step is a violation of the ADA.

31. All doors to restrooms must have a minimum clear opening of 32 inches with the door open 90 degrees, measured between the face of the door and the opposite stop. 1991 Standards § 4.22.2; 4.13.5; 2010 Standards § 404.2.3.

32. Here, the failure to provide the 32 inch wide restroom doorway opening is a violation of the ADA.

33. If controls, dispensers, receptacles or other equipment is provided in a restroom, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

34. Here, the failure to ensure that the wall mounted accessories met the height requirement is a violation of the ADA.

35. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5.

36. Here, the failure to wrap the plumbing underneath the sink is a

6

1   violation of the ADA.

2      37. For a toilet to be considered accessible under the ADA, there must be

3   two grab bars on walls adjacent to the toilet to assist persons with disabilities

4   to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.

5      38. Here, the failure to provide compliant grab bars is a violation.

6      39. Thresholds at doorways cannot exceed 3/4 inches for exterior sliding

7   doors and 1/2 for all other doors. 1991 Standards § 4.13.8; 2010 Standards

8   § 404.2.5.

9      40. Here, the threshold at the back entrance was higher than that allowed

10  by law.

11     41. There must be an accessible path of travel that connects all buildings,

12  elements and spaces on the same site. 1991 Standards § 4.3.2. To be

13  considered an accessible route, there cannot be a stair or step. 1991

14  Standards § 4.3.8. Any such change in level measuring greater than ½ inch

15  must have a ramp or lift. *Id.* 2010 Standards § 303.4.

16     42. Here, the unramped step is a violation of the ADA.

17     43. A public accommodation must maintain in operable working condition

18  those features of its facilities and equipment that are required to be readily

19  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

20     44. Here, the failure to ensure that the accessible facilities were available

21  and ready to be used by the plaintiff is a violation of the law.

22     45. Given its location and options, plaintiff will continue to desire to

23  patronize the Restaurant but she has been and will continue to be

24  discriminated against due to the lack of accessible facilities and, therefore,

25  seeks injunctive relief to remove the barriers.

26

27

28

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

47. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 11, 2016             CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

9

Complaint